UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHELBY PROIE, et al.,

        Plaintiffs,

   v.

NATIONAL MARINE FISHERIES
SERVICE, et al.,

        Defendants.

CASE NO. C11-5955BHS

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION TO INTERVENE

    This matter comes before the Court on The Marine Exhibition Corporation d/b/a Miami Seaquarium's ("Seaquarium") motion to intervene (Dkt. 23). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

    On November 17, 2011, Plaintiffs Shelby Proie, Karen Munro, Patricia Sykes, Animal Legal Defense Fund, and People for the Ethical Treatment of Animals, Inc. ("Plaintiffs") filed a complaint against the National Marine Fisheries Service ("NMFS"); Eric C. Schwaab, in his official capacity as Assistant Administrator for Fisheries of the National Marine Fisheries Service; and Rebecca M. Blank, in her official capacity as the Acting Secretary of the United States Department of Commerce ("Federal Defendants"). Dkt. 1. Plaintiffs challenge a decision by NMFS "to exclude from the listing of the Southern Resident killer whale population all captive members of that population and their progeny." *Id.*, ¶ 1. Specifically, on "November 18, 2005 NMFS issued a final rule

ORDER - 1

1  listing as endangered the Southern Resident killer whale population, which the agency

2  found to be a distinct population segment of orcas in danger of extinction." *Id.*, ¶ 32.

3  However,

4 
> When NMFS made its final decision to list the Southern Resident killer
> whale population as endangered, it excluded from the listing "[r]esident
> killer whales placed in captivity prior to listing or their captive born
> progeny." 70 Fed. at 69912; 50 C.F.R. § 244.01(b).

7  *Id.*, ¶ 39.

8  Plaintiffs contend that one captive member of the Southern Resident killer whale

9  population, Lolita, "is confined [at the Seaquarium] to an inadequate tank, which is

10  smaller than the minimum regulatory requirements, is without sufficient space, without

11  any companions of her own species, and without sufficient shelter from the sun." *Id.* ¶ 2.

12  On January 25, 2012, the Seaquarium filed a motion to intervene. Dkt. 23. On

13  February 6, 2012, Plaintiffs responded. Dkt. 32. On February 10, 2012, the Seaquarium

14  replied. Dkt. 33.

## II. DISCUSSION

16  In this case, the Seaquarium argues that it should be granted intervention as a

17  matter of right or, if not of right, then permissive intervention. Dkt. 23. Plaintiffs counter

18  that the Seaquarium should not be allowed to intervene as a matter of right. Dkt. 32.

19  Plaintiffs do not object to permissive intervention subject to certain conditions. *Id*. The

20  Court will address each issue.

**A.     Intervention of Right**

23  To intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), the applicant must

24  claim

> an interest relating to the property or transaction which is the subject of the
> action and [that] the applicant is so situated that the disposition of the action
> may as a practical matter impair or impede the applicant's ability to protect
> that interest, unless the applicant's interest is adequately represented by
> existing parties.

In particular, the Ninth Circuit requires the applicant to demonstrate that four circumstances exist: (1) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). The party seeking to intervene bears the burden of showing that all the requirements for intervention have been met. *Id*.

The parties disagree on the issue of whether NMFS will adequately represent the Seaquarium's interest in this action. The burden of showing inadequacy of representation is "minimal" and is satisfied if the applicant can demonstrate that representation of its interests "may be" inadequate. *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011). In evaluating adequacy of representation, the Court must examine three factors:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Id*. The "most important factor" in assessing the adequacy of representation is "how the interest compares with the interests of existing parties." *Id*. If an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises. *Id*. To rebut the presumption, an applicant must make a "compelling showing" of inadequacy of representation. *Id*. "There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents," which must be rebutted with a compelling showing. *Id*.

In this case, the Seaquarium argues that the "Federal Defendants do not share and cannot adequately represent the Seaquarium's interests [in this action]." Dkt. 23 at 9.

ORDER - 3

Plaintiff's sole cause of action is that the agency's decision to exclude captive members of the species from protection was without explanation and was arbitrary and capricious. NFMS and the Seaquarium share the same ultimate objective of persuading the Court that the action was not arbitrary or capricious. Thus, a presumption of adequacy arises. The Seaquarium has failed to rebut this presumption with any compelling showing. While it is true that the Seaquarium may be impacted if the agency action is set aside, "how [the Seaquarium] has humanely treated Lolita for over four decades" is wholly irrelevant to the issue of whether NFMS complied with the Administrative Procedures Act during the rule making process. In other words, even if NMFS fails to argue that Lolita is properly cared for, NFMS will undoubtedly make every argument that its exclusion rule, 50 C.F.R. § 244.01(b), was not arbitrary or capricious. Therefore, the Court denies the Seaquarium's motion to intervene as a matter of right.

**B.     Permissive Intervention**

An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) the applicant shares a common question of law or fact with the main action; (2) the motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

In this case, permissive intervention is uncontested. Plaintiffs, however, do request certain restrictions such as the Seaquarium not delay the proceeding and that the Seaquarium be precluded from filing a motion to transfer venue. With regard to delay of proceedings, the Court finds that there are other rules sufficient to control unnecessary delay. With regard to the motion to transfer, a review of the motion shows that it is primarily based on issues that are not present in this administrative review case. *See* Dkt. 25 at 9 ("In this case, the real battle is over Lolita's care and treatment in Miami."). Based on the complaint, the "real battle" is whether the agency's action was arbitrary and

ORDER - 4

capricious. *See* Dkt. 1, ¶¶ 42–44.  Although it appears that the Seaquarium's motion to transfer is without merit because it is based on an issue outside of the complaint, the Court is not persuaded that it must restrict the Seaquarium's due process rights by regulating the type of motions that it may file.  Therefore, at this time, the Court declines to impose restrictions on the Seaquarium's permissive intervention.

### III.  ORDER

Therefore, it is hereby **ORDERED** that the Seaquarium's motion to intervene (Dkt. 23) is **GRANTED in part** and **DENIED in part** and the Sequarium is entitled to permissive intervention in this action.  The Clerk shall note the Sequarium's motion to transfer (Dkt. 25) and motion to dismiss (Dkt. 24) for consideration on the Court's March 16, 2012 calendar.

DATED this 28th day of February, 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5