UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHELBY PROIE, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONAL MARINE FISHERIES SERVICE, et al.,<br><br>　　　　　　Defendants. | CASE NO. C11-5955BHS<br><br>ORDER GRANTING FEDERAL DEFENDANTS AND DEFENDANT-INTERVENOR SEAQUARIUM'S MOTIONS TO DISMISS |

　　　This matter comes before the Court on Federal Defendants Rebecca M. Blank, Eric C. Schwaab, and National Marine Fisheries Service (hereinafter, "Federal Defendants") and Defendant-Intervenor Seaquarium's Motions to Dismiss (Dkts. 21, 24). The Court has considered the pleadings filed in support of, and in opposition to, the motions and the remainder of the file. For the reasons stated herein, the Court hereby grants the motions.

## I. PROCEDURAL HISTORY

On November 17, 2011, Plaintiffs filed their complaint. Dkt. 1. On January 6, 2012, Plaintiffs amended their complaint. Dkt. 16. On January 24, 2012, Federal Defendants filed a motion to dismiss. Dkt. 21. On January 25, 2012, Defendant-Intervenor Seaquarium ("Seaquarium") also filed a motion to dismiss. Dkt. 24. On February 29, 2012, Plaintiffs responded to Federal Defendants' motion to dismiss, Dkt. 36; and, on March 12, 2012, Plaintiffs responded to Seaquarium's motion to dismiss. Dkt. 38. On March 14, 2012, Federal Defendants replied. Dkt. 39. On March 16, 2009, Seaquarium replied. Dkt. 40.

## II. FACTUAL BACKGROUND

**A.   Plaintiffs' Claims**

The Plaintiffs in this case challenge a November 18, 2005 decision ("Decision")[1] by the National Marine Fisheries Service ("NMFS") to exclude from the endangered species list the captive members of the Southern Resident killer whale ("SRKW") population or their captive-born progeny. Dkt. 16 at 1-2; Dkt. 21 at 10. By excluding captive members of this whale population from the list, Plaintiffs contend that NMFS "has failed to protect these animals from being harmed, harassed, and even killed, as otherwise prohibited under the ESA [Endangered Species Act, 16 U.S.C. § 1531, *et seq.*], and has acted in a manner that is arbitrary and capricious, an abuse of discretion, and not in accordance with . . . the Administrative Procedure Act ("APA") . . . [and] ESA." Dkt.

---

[1] *See* 70 Fed. Reg. 69903, *et seq.* (Nov. 18, 2005).

16 at 2. Plaintiffs' allegations focus on one particular SRKW named Lolita, who currently lives at the Miami Seaquarium in Miami, Florida, where she has been for more than 40 years. Dkt. 16 at 3-4; Dkt. 24 at 4. Plaintiffs ask the Court to classify Lolita as part of a wild orca "distinct population segment" ("DPS") consisting of three pods inhabiting the Pacific Northwest waters around the Strait of Juan de Fuca. *Id.*; Dkt. 16 at 14.

**B.      Sequence of Actions Relevant to the Motions**

On October 27, 2011, Plaintiffs served a notice of intent to sue ("NOI") on NMFS, alleging that NMFS had violated Section 4 of the ESA in reaching the Decision. Dkt. 21 at 10-11; Dkt. 24 at 5. In the original complaint, filed on November 17, 2011, Plaintiffs brought a claim under the APA, alleging that the APA provides a cause of action to remedy NMFS's error in administering the ESA listing. Dkt. 1 at 13-14. In the amended complaint, filed on January 6, 2012, Plaintiffs added a cause of action under the ESA itself. Dkt. 16 at 16.

## III. DISCUSSION

Federal Defendants and Seaquarium (collectively, "Defendants") ask the Court to dismiss Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Defendants argue that the Court lacks jurisdiction because Plaintiffs have failed to adhere to the ESA's 60-day notice requirement. Defendants also argue that Plaintiffs do not have standing to pursue their claim. Finally, Defendants argue that Plaintiffs have failed to state a valid APA claim. As explained below, the Court finds that Plaintiffs have failed

to state a valid APA claim and have not complied with the ESA's jurisdictional notice requirement. For these reasons, the Court grants Defendants' motions.

**A.   APA Claim**

The APA provides a cause of action to challenge any final agency decision for which there is no other "adequate remedy." 5 U.S.C. § 704;[2] *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) ("Congress did not intend a general grant of review in the APA to duplicate existing procedures for review of agency action."). In evaluating whether an adequate remedy exists, the Court looks to the ESA's citizen-suit provision, which expressly authorizes "any person" to sue the Secretary of Commerce (who has delegated ESA duties to NMFS) "where there is alleged a failure of the Secretary to perform any act or duty under section 1533 of this title which is not discretionary with the Secretary." 16 U.S.C. § 1540(g)(1)(c). Section 1533 is the ESA "listing" provision, which establishes NMFS's duty to properly list or delist species, subspecies or DPSs as endangered or threatened. 16 U.S.C. § 1533.

Here, Plaintiffs' complaint flows directly from the allegation that NMFS should have included captive SRKW within the 2005 DPS listing. *See* Dkts. 1, 16. Because Plaintiffs challenge a listing decision, the ESA's proviso, 16 U.S.C. § 1540(g)(1)(C), provides a cause of action. *See Bennett v. Spear*, 520 U.S. 154, 171-72 (1997) (holding that a § 1540(g)(1)(C) citizen suit was available to challenge a § 1533 ESA listing

---

[2] § 704. Actions reviewable.

   Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in court are subject to judicial review . . . ."

decision); *Washington Toxics Coalition v. E.P.A.*, 413 F.3d 1024, 1034 (9th Cir. 2005) (precluding an APA § 704 claim where a § 1540(g)(1)(A) cause of action was available). Although Plaintiffs argue that the APA claim is distinct from the EPA claim insofar as it relates to NMFS's purported failure to provide rationale for the decision (Dkt. 36 at 26), the Court finds that any such distinction is one without real difference and, ultimately, the ESA provides the "adequate remedy" that Plaintiffs seek in the complaint.[3] In this case, the APA duplicates the remedy expressly conferred by the ESA, and, therefore, by its own terms, 5 U.S.C. § 704, the APA has no application here. Accordingly, the Court dismisses Plaintiffs' APA claim. Therefore, the only remaining recourse for Plaintiffs is a citizen suit under the ESA.

**B.    ESA Claim**

    **1.    Statute of Limitations**

The ESA itself prescribes no statute of limitations, and, therefore, suits against the federal government under the ESA are subject to the general six-year statute of limitations. *See* 16 U.S.C. § 1531, *et seq.*; 28 U.S.C. § 2401(a). Calculating from the

---

[3] As the basis for their APA claim, Plaintiffs claim that the Decision was arbitrary and capricious in violation of Section 9 of the ESA, 16 U.S.C. § 1538(b)(1) and, therefore, APA, 5 U.S.C. § 706(2). Dkt. 16 at 15. The Court finds Plaintiffs' effort to craft an APA claim misplaced. Although the Court will not speculate as to the motivations that triggered the claim asserted in the original complaint versus the claims in the amended complaint, there can be no doubt that the APA claim arises from the exact set of allegations that support the ESA claim.
    Moreover, Plaintiffs appear to confuse the import of § 706 of the APA. § 706(2) supplies the arbitrary and capricious review standard to ESA citizen suits. *See Ninilchik Traditional Council v. U.S.*, 227 F.3d 1186, 1193-94 (9th Cir. 2000) (APA supplies the "default" standard of review). It does not provide for a separate cause of action in the context where, as here, Plaintiffs are challenging a listing decision under the ESA.

1  date that NMFS published its Decision (i.e., November 18, 2005), the parties agree that
2  the statute of limitations on Plaintiffs' APA and ESA claims expired on November 18,
3  2011.
4        On October 27, 2011, Plaintiffs served their NOI on NMFS, thereby tolling the
5  statute of limitations at least as to the ESA claim. *See Sierra Club v. Chevron*, 834 F.2d
6  1517, 1523-24 (9th Cir. 1987) (holding that a NOI tolls the limitations period).[4] On
7  November 17, 2011, Plaintiffs filed their original complaint asserting the APA claim.
8  Dkt. 1.

      **2.**      **60-Day Notice Period**

10        The ESA requires sixty-day notice of a citizen suit. 16 U.S.C. § 1540(g)(2)(A)(i)
11  The purpose of the notice requirement is "to put the agencies on notice of a perceived
12  violation of the statute and an intent to sue. When given notice, the agencies have an
13  opportunity to review their actions and take corrective measures if warranted."
14  *Southwest Center for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515,
15  520 (9th Cir. 1998) ("*SCBD*"). "This sixty-day notice requirement is jurisdictional," and
16  a "failure to strictly comply with the notice requirement acts as an absolute bar to
17  bringing suit under the ESA." *Id*. (citations omitted).
18        Defendants claim that Plaintiffs failed to provide the requisite 60-day notice when
19  they filed their original complaint on November 17, 2011. Dkt. 21 at 20; Dkt. 24 at 9.
20  Plaintiffs counter that because the 60-day notice period applies only to the ESA claim,

---

[4] As a result, it appears that the NOI extended the limitations period to January 18, 2012.

1 the Court should not consider the November 17, 2011 complaint to measure whether the
2 NOI complied with the requirement, but instead should regard the January 6, 2012
3 amended complaint, which added the EPA claim, as the operative date. Dkt. 38 at 6.
4 Because Plaintiffs filed the amended complaint 71 days after the NOI, Plaintiffs contend
5 that they complied with the notice period. *Id*.

6 Although the Court recognizes the pragmatism of Plaintiffs' argument, the Court
7 cannot ignore the relevant legal framework. The citizen suit provision of the ESA
8 provides that "[n]o action may be commenced . . . prior to sixty days after written notice
9 of the violation has been given to the Secretary, and to any alleged violator of any such
10 provision or regulation." 16 U.S.C. § 1540(g)(2)(A)(i). Under Federal Rule of Civil
11 Procedure 3, an action is "commenced" upon the filing of a complaint, and, under Federal
12 Rule of Civil Procedure 15(c)(1)(B), any amendment to a pleading "relates back to the
13 date of the original pleading when . . . the claim or defense asserted in the amended
14 pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be
15 set forth in the original pleading . . . ." In both the original and amended complaints,
16 Plaintiffs challenge NMFS's decision to exclude captive SRKW from the DPS listing
17 under factual bases that are virtually indistinguishable. Consequently, the Court
18 concludes that both claims arise out of the same "conduct, transaction, or occurrence"
19 and that the amended complaint relates back to the date of the original pleading of
20 November 17, 2011. Because the original complaint was filed a mere 21 days after the
21 NOI, the Court finds that Plaintiffs failed to comply with the requisite notice period.
22

1    But even if the Court could ignore the strict application of Rule 15(c)(1)(B), which
2 it cannot, the Court reaches the same conclusions for an additional reason: the 60-day
3 period must be a "litigation-free window." *SCBD*, 143 F.3d at 521. In *SCBD*, the Ninth
4 Circuit explained that the notice period "provides an opportunity for settlement or other
5 resolution of a dispute without litigation." *Id*. It "allow[s] the parties time to resolve
6 their conflicts in a non-adversarial time period . . . before a court become[s] involved,"
7 because "[o]nce the suit is filed, positions harden and compromise is less likely." *Id*.
8 (citations omitted). Applying this principle to the present context, the Supreme Court
9 rejected the argument that time during which a lawsuit is pending – even time when the
10 lawsuit is stayed – counts toward satisfaction of the 60-day pre-suit notice requirement.
11 *See Hallstrom*, 493 U.S. at 26; *see also Conservation Force v. Salazar*, 811 F. Supp. 2d
12 18, 33-34 (D.D.C. 2011) (extending the principle in *Hallstrom* to the ESA).

13    Plaintiffs initiated litigation on November 17, 2011. In their January 6, 2012
14 amended complaint, they alleged an additional cause of action arising out of the same set
15 of operative facts as contained in their original complaint and sought essentially the same
16 relief.[5] The original filing violated the "litigation-free" requirement and thereby
17 invalidated the notice. That the original complaint related in name only to the APA claim
18 is not significant where the APA claim was substantively the same as the later-filed ESA

---

[5] The complaint requested an order setting aside the NMFS's decision to exclude the captive members of the Southern Resident killer whale population, particularly a whale named Lolita, from the list of endangered species. Dkts. 1 at 2, and 14. The amended complaint included a request to order NMFS to issue a new final listing rule that includes the aforementioned whale population as endangered. Dkt. 16 at 2, 16 and 18.

claim. Plaintiffs' amended complaint satisfied the conditions of Rule of Civil Procedure 15(c)(1)(B), involving relation back of amendments; the litigation was commenced on November 17, 2011. Therefore, Plaintiffs' argument that the January 6, 2012 amended complaint somehow cured any earlier misstep must fail.

The Court is not blind to the harsh reality of this result. Because the statute of limitations has now passed, any dismissal of Plaintiffs' claims is, in effect, with prejudice. Nevertheless, the explicit statutory limitations on citizen suits cannot be given a "flexible or pragmatic construction" or be subject to "equitable modification and cure." *Hallstrom v. Tillamook County*, 493 U.S. 20, 26-27 (1989). This is especially so where any inequity that purportedly inflicts Plaintiffs is one of their own making. *See id*. at 27 ("the equities do not weigh in favor of modifying statutory requirements when the procedural default is caused by petitioners' failure to take the minimal steps necessary to preserve their claims (citations omitted)."). For the reasons stated, the Court finds that it lacks subject matter jurisdiction.

### 3.  Standing

Because the Court grants Defendants' motions on the above-stated grounds, the Court need not reach the issue of whether or not Plaintiffs have standing to sue.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Federal Defendants and Defendant-Intervenor Seaquarium's Motions to Dismiss (Dkts. 21, 24) are **GRANTED**, and the case is now closed.

Dated this 1st day of May, 2012

BENJAMIN H. SETTLE
United States District Judge